UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAYNE LABAT, ELENA LABAT | * | CIVIL ACTION NO. 23-1403 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| SAFECO INSURANCE COMPANY OF AMERICA | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is defendant Safeco Insurance Company of America's Motion for Leave to Amend Pleading to Add Counterclaim. (Rec. Doc. 15). For the following reasons, the Motion is GRANTED.

Background

This is a Hurricane Ida property damage lawsuit. The plaintiffs seek to recover for alleged hurricane-related damages to their residential property in LaPlace, Louisiana. They filed suit on March 22, 2023, and their insurer, Safeco, removed on April 27, 2023. The Court's Hurricane Ida Case Management Order ("CMO") was entered the same day. On May 4, 2023, Safeco filed its answer. On June 2, 2023, the Court granted Safeco's timely motion to opt out of the Streamlined Settlement Program, finding that proceeding directly to mediation would not be fruitful. Instead, the Court found that due to Safeco's allegations of fraud,[1] the parties should proceed to discovery and Safeco should be allowed to file a Motion for Summary Judgment on its claims, if appropriate.

---

[1] Safeco paid plaintiffs a total of $36,000 based on plaintiffs' representation that they were renting an RV. But during her examination under oath, plaintiff Elena Labat admitted that they were not actually leasing the RV at all. Plaintiffs explain in opposition to the present motion that they actually purchased the RV. They had planned to sell the RV and lease the RV back from the planned purchasers and they submitted that lease to Safeco. But instead, plaintiffs retained the RV and say they used the money from Safeco to pay down the loan.

1

Safeco filed its Motion for Summary Judgment a few days later. It simultaneously filed a Motion for Leave to Amend Pleading to Add Counterclaim.[2]

Safeco seeks to add a Counterclaim based on its allegation that due to the plaintiffs' material and intentional misrepresentations, it overpaid plaintiffs in connection with their Hurricane Ida insurance claim. It submits that the Counterclaim is compulsory under Federal Rule of Civil Procedure 13(a) because it arises out of the same transaction or occurrence as the subject matter of plaintiffs' claim. Further, it argues that under the liberal standard of Rule 15, it should be allowed to amend because there has been no undue delay or dilatory motive, there is no undue prejudice to the plaintiffs, and the amendment is not futile.

The plaintiffs oppose. They argue that the amendment was untimely because Safeco had notice of the alleged fraud defense since the October 24, 2022, EUO where it learned that despite submitting a lease for an RV and obtaining reimbursement for rental payments from Safeco, plaintiffs never leased an RV. They submit that the reason Safeco did not bring an action against them for fraud earlier is because Saefco knew that plaintiffs did not commit fraud but had a right to the additional living expense proceeds under the policy. They point out that Safeco acknowledged its fraud defense when seeking to opt out of the CMO in April 2022, but did not seek to add a counterclaim until June 2022. They argue that Safeco has dilatory motives. They also argue that the claim should be denied as futile, insisting that Safeco's allegations do not rise above a speculative level.

In reply, Safeco insists that this case is in its early stages and points out that no scheduling order has yet been issued. It adds that it filed its motion for leave to amend within days of the Court

---

[2] Its initial filing was deemed deficient because it did not represent whether the proposed amendment was opposed. Safeco timely filed a revised version.

removing the case from the CMO. It notes that prior to that, the case was stayed and subject to the CMO's procedures.

Law and Analysis

1. *Standard to Amend Pleadings*

Where, as here, there is no Court issued deadline for amending pleadings, Federal Rule of Civil Procedure 15 applies. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

2. *Safeco's Proposed Amendment*

As Safeco rightly points out, this case is in its infancy. Plaintiffs filed suit barely three months ago. While it might have been possible for Safeco to file its counterclaim with its answer on May 4, 2023, it promptly sought leave to amend on June 5, 2023, within days of the Court lifting the CMO stay and returning the case to the District Court's regular docket. Importantly, this brief delay does not result in any undue prejudice to the plaintiffs. No evidence has been lost nor

have the plaintiffs been preparing their case for trial without knowledge of Safeco's claim against it. Indeed, trial has not yet been set.

The court also rejects plaintiffs' futility argument. While plaintiffs certainly have a counterargument to Safeco's allegations of fraud, this is not the time or place to weigh the evidence. Safeco's counterclaim is not deficient on its face.

The court finds that no substantial reason to deny Safeco's motion for leave to amend.

Accordingly,

IT IS ORDERED that Safeco's Motion for Leave to Amend Pleading to Add Counterclaim (Rec. Doc. 15) is GRANTED. Safeco's First Amended Affirmative Defenses, Answer, Jury Demand and Counterclaim shall be entered into the record.

New Orleans, Louisiana, this 6th day of July, 2023.

                                                Janis van Meerveld
                                       United States Magistrate Judge